116 T.C. No. 19

UNITED STATES TAX COURT

JAMES R. KENNEDY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9544-00L.                    Filed April 23, 2001.

On Sept. 10, 1999, R mailed to P a notice required
by sec. 6320(a), I.R.C., concerning P's unpaid tax
liabilities for the years 1984 through 1988.  R
concedes that such notice was not mailed to P at his
last known address.  On Oct. 25, 1999, R mailed to P a
final notice of intent to levy concerning P's unpaid
tax liabilities for the years 1984 through 1988.
Although the notice of intent to levy was mailed to P
at his last known address, P failed to file a request
for an administrative hearing with the Internal Revenue
Service Office of Appeals (Appeals Office) within the
30-day period prescribed in sec. 6330, I.R.C.

Despite P's failure to file a timely request for
an Appeals Office hearing, R granted P a so-called
equivalent hearing.  On Aug. 17, 2000, R issued a
"decision letter" to P stating that R would proceed
with collection by way of levy.  On Sept. 11, 2000, P
filed a petition for review with the Court.

**Held**: insofar as the petition filed herein purports to be a petition for review of a notice of the filing of a notice of lien pursuant to sec. 6320, I.R.C., the Court lacks jurisdiction on the ground that R did not make a determination pursuant to that section because R failed to send the written notice prescribed by sec. 6320(a), I.R.C., to P at his last known address.

**Held**, **further**, insofar as the petition filed herein purports to be a petition for review of a notice of intent to levy pursuant to sec. 6330(d), I.R.C., the Court lacks jurisdiction on the ground that R did not make a determination pursuant to sec. 6330, I.R.C., because P failed to file a timely request for an Appeals Office hearing under sec. 6330(a)(2) and (3)(B) and (b), I.R.C.

**Held**, **further**, R's decision to conduct a so-called equivalent hearing did not result in a waiver by R of the time restrictions imposed on P for requesting an Appeals Office hearing pursuant to sec. 6330, I.R.C.

James R. Kennedy, pro se.

Susan Watson and Wendy S. Harris, for respondent.

OPINION

RUWE, Judge:  This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent contends that the Court lacks jurisdiction over the petition on the ground that respondent did not issue a determination letter to petitioner pursuant to section 6320 or 6330.  As explained in detail below, insofar as petitioner seeks review of a notice of the filing of a notice of lien pursuant to section 6320, we will dismiss this case for lack of jurisdiction on the ground that respondent failed to mail the notice required by section 6320(a) to petitioner at his last known address and, therefore, petitioner had no opportunity to request an administrative hearing.  Further, insofar as petitioner seeks review of a notice of intent to levy pursuant to section 6330, we will dismiss this case for lack of jurisdiction on the ground that petitioner failed to make a timely request for an administrative hearing and, therefore, respondent was not obliged to (and did not) issue a determination letter to petitioner.

## Background

On or about September 10, 1999, respondent mailed to petitioner a Notice Of Federal Tax Lien Filing And Your Right To A Hearing Under IRC 6320 (the notice required by section 6320(a)) concerning petitioner's unpaid tax liabilities for the years 1984

through 1988.[2]  Respondent concedes that the notice required by
section 6320(a) was not mailed to petitioner at his last known
address and that such notice was therefore invalid.  See sec.
6320(a)(2)(C).  In any event, petitioner did not request an
administrative hearing with the Internal Revenue Service Office
of Appeals (Appeals Office) in respect of the notice required by
section 6320(a), nor did the Appeals Office either conduct an
administrative hearing or issue a determination letter regarding
the notice required by section 6320(a).

On or about October 25, 1999, respondent mailed to
petitioner a Final Notice Of Intent To Levy And Notice Of Your
Right To A Hearing (notice of intent to levy) concerning
petitioner's unpaid tax liabilities for the years 1984 through
1988.[3]  The notice of intent to levy was mailed to petitioner at
his last known address.  See sec. 6330(a)(2)(C).  Petitioner
actually received the notice of intent to levy on October 27,
1999, as reflected by the U.S. Postal Service Form 3811, Domestic
Return Receipt, that was signed at the time that the notice was

---

[2]  The notice required by sec. 6320(a) listed petitioner's
tax liabilities as $19,372.79, $715.29, $15,010, $1,618.23, and
$2,189.94 for the years 1984, 1985, 1986, 1987, and 1988,
respectively.

[3]  The notice of intent to levy stated that petitioner owed
amounts from prior notices, additional penalties, and interest
totaling $24,198.16, $886.24, $18,939.59, $2,053.57, and
$2,797.52 for the years 1984, 1985, 1986, 1987, and 1988,
respectively.

delivered. The notice of intent to levy stated in pertinent part: "If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property".

On December 1, 1999, the Appeals Office received a Form 12153, Request for a Collection Due Process Hearing, from petitioner. Petitioner's request arrived at the Appeals Office in an envelope bearing a U.S. Postal Service postmark date of November 30, 1999.

Although the Appeals Office concluded that petitioner had failed to file his request for a hearing within the time prescribed in section 6230 or 6330, the Appeals Office granted petitioner a so-called equivalent hearing. See sec. 301.6330-1T(i), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3413 (Jan. 22, 1999). Petitioner attended the equivalent hearing, which was conducted on July 24, 2000. On August 17, 2000, the Appeals Office issued a "decision letter" to petitioner stating that respondent would proceed with collection by way of levy. Respondent's decision letter states in pertinent part:

> Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

On September 11, 2000, despite the above-quoted statement in respondent's decision letter, petitioner filed with the Court a Petition For Lien Or Levy Action Under Code Sections 6320(c) Or 6330(d).  In response to the petition, respondent filed a Motion to Dismiss for Lack of Jurisdiction, asserting that the petition should be dismissed on the ground that the decision letter that respondent issued to petitioner does not constitute a determination letter sufficient to invoke the Court's jurisdiction pursuant to section 6330(d).  Petitioner filed an objection to respondent's motion to dismiss, asserting that respondent failed:  (1) To mail the notice required by section 6320(a) to him at his last known address; and (2) to conduct a proper collection hearing.

This matter was called for hearing at the Court's motions session in Washington, D.C.  Although no appearance was made by or on behalf of petitioner at the hearing, petitioner did file a written statement with the Court pursuant to Rule 50(c).  Counsel for respondent appeared at the hearing and informed the Court that petitioner had recently filed a bankruptcy petition.  As a result, the Court issued an order staying all proceedings in this case pursuant to 11 U.S.C. section 362(a)(8) (1994).

Shortly thereafter, respondent filed a status report with the Court stating that petitioner's bankruptcy case had been dismissed.  The Court subsequently issued an order lifting the automatic stay.

This matter was called for further hearing at the Court's motions session in Washington, D.C. Although no appearance was made by or on behalf of petitioner at the hearing, petitioner did file a written statement with the Court pursuant to Rule 50(c). Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss. Counsel for respondent informed the Court that on or about March 6, 2001, respondent had issued a "substitute" notice required by section 6320(a) to petitioner concerning his unpaid tax liabilities for the years 1984 through 1988.

## Discussion

Section 6321 provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the unpaid tax shall be a lien in favor of the United States upon all property and rights to property belonging to that person. Section 6322 provides that the lien imposed under section 6321 generally arises at the time of assessment. However, section 6323 provides that the lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the appropriate public officials. Section 6320(a) provides that the Secretary shall provide the person described in section 6321 with written notice of the filing of a notice of lien under section 6323, including notice of the administrative appeals available to the person.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand for payment, the Secretary is authorized to collect the tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters. Sections 6320 and 6330 generally provide that the Commissioner cannot proceed with collection until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing), and if dissatisfied, the taxpayer may seek judicial review of the administrative determination. See <u>Davis v. Commissioner</u>, 115 T.C. 35, 37 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 179 (2000).

Sections 6320(a) and 6330(a) provide in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding the Secretary's filing of a notice of lien under section 6323 or the Secretary's intent to levy, respectively, by mailing the notice required by section 6320(a) or section 6330(a), as the case may be, by certified or registered mail to such person at his or her last known address.[4]

Section 6320(a)(2) provides that the prescribed notice shall be provided not more than 5 business days after the day on which the notice of lien under section 6323 is filed. Further, section 6320(a)(3)(B) provides that the prescribed notice shall explain that the person has the right to request an Appeals Office hearing during the 30-day period beginning on the day after the 5-day period described in paragraph (2).

Section 6330(a)(2) provides that the prescribed notice shall be provided not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period. Further, section 6330(a)(3)(B) provides that the prescribed notice shall explain that the person has the right to

_____

[4] Although the term "last known address" is not defined in the Internal Revenue Code or in the regulations thereunder, we have held that a taxpayer's last known address (as the term is used in sec. 6213 regarding the proper mailing of a notice of deficiency) is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. See, e.g., Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988).

request an Appeals Office hearing during the 30-day period under paragraph (2).

Section 6330(c) prescribes the matters that may be raised by a taxpayer at an Appeals Office hearing. In sum, section 6330(c) provides that a taxpayer may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.

Where the Appeals Office issues a determination letter to the taxpayer following an administrative hearing regarding a lien or levy action, sections 6320(c) (by way of cross-reference) and 6330(d)(1) provide that the taxpayer will have 30 days following the issuance of the determination letter to file a petition for review with the Tax Court or a Federal District Court. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000). We have held that the Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid determination letter and the filing of a timely petition for review. See Meyer v. Commissioner, 115 T.C. 417, 421 (2000); Offiler v. Commissioner,

supra at 498.

As discussed below, we conclude that respondent did not issue a determination letter to petitioner pursuant to section 6320 or 6330. We therefore lack jurisdiction over the petition. However, as was the case in Meyer v. Commissioner, supra at 422, because the basis for dismissal may affect whether respondent can proceed with collection and/or may otherwise affect petitioner's rights, we are obliged to determine the proper ground for dismissal.

## Notice of the Filing of A Notice of Lien

As indicated, respondent concedes that he failed to mail the notice required by section 6320(a) to petitioner at his last known address as required under section 6320(a)(2)(C) and that such notice is therefore invalid. Respondent does not contend that petitioner actually received the notice required by section 6320(a). Under the circumstances, petitioner was denied the opportunity to make a timely request for an Appeals Office hearing because of the misaddressed notice. Accordingly, insofar as the petition filed herein purports to be a petition for review pursuant to section 6320, we will dismiss the petition for lack of jurisdiction on the ground that respondent did not make a determination under section 6320 because respondent failed to send the written notice prescribed by section 6320(a)[5] to

_____

[5] Petitioner may yet have the opportunity to obtain an
(continued...)

petitioner at his last known address.

Notice of Intent To Levy

1. Petitioner's Failure To Make a Timely Request for Hearing

The notice of intent to levy, which was dated October 25, 1999, was mailed to petitioner at his last known address no later than October 26, 1999. Petitioner received the notice of levy on October 27, 1999. The notice informed petitioner that he had 30 days from the date of the notice to file a request for an Appeals Office hearing.

On December 1, 1999, the Appeals Office received by mail petitioner's request for a hearing. The request arrived at the Appeals Office in an envelope bearing a U.S. Postal Service postmark date of November 30, 1999. Because the 30-day time period prescribed in section 6330(a)(2) and (3)(B) and (b) for filing a timely request for an Appeals Office hearing expired no later than November 25, 1999, it follows that petitioner's request was untimely. As a consequence of petitioner's failure to make a timely request for an Appeals Office hearing, the Appeals Office was not obliged to conduct the administrative hearing contemplated under section 6330(b).

_____

[5](...continued)
Appeals Office hearing with respect to the notice required by sec. 6320(a) inasmuch as respondent purportedly issued a "substitute" notice to petitioner on or about Mar. 6, 2001.

## 2. Equivalent Hearing

In lieu of a hearing under section 6330(b), the Appeals Office granted petitioner a so-called equivalent hearing. During the motions hearing in this case, the Court raised the question whether the equivalent hearing might be considered a waiver by respondent of the 30-day filing period in which a taxpayer must file a request for an Appeals Office hearing under section 6330(a)(2) and (3)(B) and (b). Respondent argued that there was no such waiver. We agree.

We note that section 6330 does not authorize the Commissioner to waive the time restrictions imposed therein. Equally important, in Offiler v. Commissioner, supra, we indicated that, where the taxpayer failed to file a timely request for an Appeals Office hearing in respect of a notice of intent to levy, an Appeals Office review of the taxpayer's case pursuant to the Collection Appeals Program did not result in a determination within the meaning of section 6320 or 6330. Upon reflection, we are satisfied that the decision to grant petitioner an equivalent hearing in this case simply reflects respondent's good faith effort to further a fundamental policy underlying section 6330; i.e., to provide a taxpayer with a final opportunity for administrative review before proceeding with enforced collection. Consistent with the foregoing, we hold that the decision to conduct an equivalent hearing did not result in a

waiver by respondent of the time restrictions within which petitioner was required to request an Appeals Office hearing under section 6330.

### 3. Decision Letter

On August 17, 2000, following the equivalent hearing, the Appeals Office issued a decision letter to petitioner stating that respondent would proceed with collection. Petitioner contends that the decision letter is tantamount to a valid determination letter under section 6330(d).

Petitioner's position ignores the unambiguous statement in the decision letter that the equivalent hearing was not intended to serve as an Appeals Office hearing within the meaning of section 6320 or 6330. As previously discussed, because petitioner failed to file a timely request for an Appeals Office hearing, the Appeals Office was not obliged to conduct such a hearing. In this regard, the decision letter was not, and did not purport to be, a determination letter pursuant to section 6320 or section 6330. See Offiler v. Commissioner, supra at 495.

In sum, we hold that respondent did not issue a determination letter to petitioner sufficient to invoke the Court's jurisdiction to review the notice of intent to levy. Insofar as the petition filed herein purports to be a petition for review pursuant to section 6330(d), we will dismiss the petition for lack of jurisdiction on the ground that respondent

did not make a determination pursuant to section 6330 because petitioner failed to file a timely request for an Appeals Office hearing pursuant to section 6330(a)(2) and (3)(B) and (b).

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.